IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **Steven Murphy,** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**Anthony Wills et al.,** )<br>)<br>**Defendants.** ) | Case No. 22-cv-2081-DWD |

### MEMORANDUM & ORDER

**DUGAN, District Judge:**

This matter is before the Court on Plaintiff's Motion for Notice. (Doc. 32). In his pleading, Plaintiff informs the Court that on January 19, 2024, he was scheduled for a law library visit to review his deposition transcript. Plaintiff, however, was denied access to the law library for security reasons. Specifically, Plaintiff is in a cast which contains materials (a screw and a plate) that present a security risk. Plaintiff asks the Court to order the warden to allow him to access the law library so that he may examine his deposition transcript and confirm its accuracy. He also asks the Court to hold the warden in contempt if he fails to provide Plaintiff with law library access within the next 30 days.

Prisoners have a constitutional right to meaningful access to the courts. *See Brooks v. Buscher*, 62 F.3d 176, 179 (7th Cir. 1995) (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977); *Shango v. Jurich*, 965 F.2d 289, 291 (7th Cir. 1992); *Hossman v. Spradlin*, 812 F.2d 1019, 1021 (7th Cir. 1981)). This means prisoners "must receive 'that quantum of access to prison libraries—not total or unlimited access—which will enable them to research the

law and determine what facts may be necessary to state a cause of action.' [Citation]." *Id.* (quoting *Hossman*, 812 F.2d at 1021; citing *Campbell v. Miller*, 787 F.2d 217, 226 (7th Cir. 1986), cert. denied, 479 U.S. 1019 (1986)). For example, security concerns may justify time, place, and manner restrictions. *See id.* (citing *Shango*, 965 F.2d at 292; *Caldwell v. Miller*, 790 F.2d 589, 606 (7th Cir. 1986)). As such, "inconvenient or highly restrictive regulations may be entirely appropriate and not violate a prisoner's constitutional right of access, as long as the restrictions do not actually completely deny meaningful access to the courts." *Id.* (citing *Hossman*, 812 F.2d at 1021). To determine whether a prison official has violated the right of access to the courts, the prisoner must prove the prison official "failed ' "to assist in the preparation and filing of meaningful legal papers" ' [Citation]." *Id.* (quoting *Jenkins v. Lane*, 977 F.2d 266, 268 (7th Cir. 1992)). Further, the prisoner must "show 'some quantum of detriment caused by the challenged conduct.' [Citation]." *Id.* (quoting *Jenkins*, 977 F.2d at 268). Prison officials, within the constitutional requirement of meaningful access, may exercise wide discretion. *Id.* (quoting *Campbell*, 787 F.2d at 229).

Further, federal courts are especially reluctant to interfere with the internal administration of state prisons because they are less qualified to do so than prison authorities. *Thomas v. Ramos*, 130 F.3d 754, 764 (7th Cir. 1997) (internal citations omitted). Inmate use of law library facilities requires the expenditure of staff time and other resources. As long as a constitutional level of access is afforded to a petitioner, prison authorities are entitled to make the necessary decisions about allocation of prison resources without interference by this Court.

Here, the Court notes the parties have recently begun merits discovery. (Doc. 30). Discovery closes on June 14, 2024, and dispositive motions are due July 15, 2024. However, there are no motions on the merits presently pending on the docket. Given the procedural posture of the case, and the circumstances Plaintiff describes, the Court cannot find that Plaintiff is being denied the constitutional right to meaningful access to the law library. Plaintiff was denied access to the law library on one occasion for security purposes. The Court has no reason to believe that Plaintiff will be unable to access the law library as the case progresses and once the security issues are resolved. Accordingly, at this time, the court finds that Plaintiff is adequately accessing the law library, and the Court will not order prison officials to proceed any differently. The motion is DENIED.

**SO ORDERED.**

Dated: January 26, 2024

s/*David W. Dugan*
DAVID W. DUGAN
United States District Judge